|                                              |                         |
| -------------------------------------------- | ----------------------- |
| UNITED STATES DISTRICT COURT                 |                         |
| DISTRICT OF PUERTO RICO                      |                         |

ISABEL TORRES ALAMO,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

Civil No. 05-1955 (JAF)

**OPINION AND ORDER**

Before this court is Plaintiff's motion under Rule 60(b) of the Federal Rules of Civil Procedure, Docket Document No. 30, requesting that we (1) vacate our April 11, 2006, Opinion and Order dismissing her Title VII and constitutional claims, Docket Document No. 27; and (2) consider her arguments in support of those claims as if they were timely made.

**I.**

**Procedural History**

Plaintiff filed the present action, asserting claims under the ADA, Title VII, U.S. Constitution, and Puerto Rico law, on September 8, 2005. Docket Document No. 1. Defendants filed a motion to dismiss Plaintiff's ADA claim on September 20, 2005, on the grounds that it was barred by the Eleventh Amendment. Docket Document No. 5. Plaintiff filed an opposition to Defendants' motion to dismiss on

Civil No. 05-1955 (JAF)                                                      -2-

October 20, 2005. <u>Docket Document No. 8</u>. Defendants replied to Plaintiff's opposition on November 2, 2005. <u>Docket Document No. 11</u>.

We granted Defendants' motion to dismiss Plaintiff's ADA claim in a February 16, 2006, Opinion and Order, and, noting potential problems with Plaintiff's Title VII and constitutional claims, decided to raise those issues sua sponte. <u>Docket Document No. 30</u>. With respect to the Title VII claim, we ordered Plaintiff to show cause within ten days how Title VII, which forbids employment discrimination based on an individual's race, color, religion, sex or national origin, could possibly apply to her case given that her allegations have only to do with disability discrimination. <u>Id.</u> With respect to her constitutional claim, we ordered Plaintiff to show cause within ten days whether Congress intended the ADA to be the exclusive remedy for disability discrimination claims such that constitutional claims based on disability discrimination were foreclosed. <u>Id.</u>

After requesting and receiving two time extensions, Plaintiff finally responded to our order to show cause on March 27, 2006, but inexplicably failed to address either of the questions posed therein; instead, she asked us to allow her to amend her complaint in order to cure the legal deficiencies that led to our February 16, 2006, dismissal of her ADA claim. <u>Docket Document No. 25</u>. On March 30, 2006, Defendants moved to strike Plaintiff's response for failing to

comply with the order to show cause, and to dismiss the balance of her complaint in its entirety. <u>Docket Document No. 26</u>.

We dismissed Plaintiff's Title VII and constitutional claims on April 11, 2006, noting her utter failure to respond to our order to show cause. <u>Docket Document No. 27</u>. We rejected her request to amend her complaint in order to improve her ADA claim's viability because it had already been dismissed. <u>Id.</u> All of Plaintiff's federal claims having been dismissed, we declined to exercise supplemental jurisdiction over her remaining Commonwealth claims, and dismissed her action in its entirety. <u>Id.</u>

On May 2, 2006, Plaintiff filed a motion under Rule 60(b) requesting that we: (1) vacate our April 11, 2006, dismissal of her Title VII and constitutional claims for failure to respond to our February 16, 2006, order to show cause; and (2) consider her arguments in support of those claims as if they were timely made. <u>Docket Document No. 30</u>. Defendants oppose. <u>Docket Document No. 31</u>. Plaintiff replies. <u>Docket Document No. 32</u>.

**II.**

**<u>Analysis</u>**

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, [a] court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1992 & Supp. 2005). In support of her Rule 60(b) motion

requesting relief from our April 11, 2006, dismissal of her Title VII and constitutional claims, Plaintiff explains that she never answered either question posed in our February 16, 2006, order to show cause because she and her lawyer made an "error in appreciation" that constitutes "justifiable neglect." Docket Document No. 30. Given that our February 16, 2006, order to show cause was written in plain language and easy to understand, we agree with Plaintiff that her failure to respond was *neglectful*, but in order to empower us to vacate our April 11, 2006, order, dismissal of Plaintiff's complaint, Plaintiff's burden under Rule 60(b) is to explain why her neglect was *excusable*, and this she has not even tried to do. Vela v. Western Elec. Co, 709 F.2d 375, 377 (5th Cir. 1983)(affirming district court's refusal to grant relief from judgment of dismissal under Rule 60(b) when plaintiffs offered no explanation for their repeated failure to comply with discovery orders); Dalrymple v. Pittsburgh Consolidation Coal Co., 24 F.R.D. 260, 262 (W.D. Pa. 1959)(stating that neglect must be excusable in order to give a court the power to set aside its judgment under Rule 60(b)). We therefore deny her Rule 60(b) motion.

Even were we inclined to find that this Rule 60(b) motion was justified by excusable neglect, we would not grant Plaintiff's relief – her claims are unconvincing for the following reasons.

Plaintiff first submits that her Title VII claim is actionable because Title VII grants protected status to the disabled. Id. We

Civil No. 05-1955 (JAF)                                                -5-

find this argument absolutely without merit and even ridiculous; disability is not a protected characteristic under Title VII's plain language, see 42 U.S.C. § 2000e-2(a)(2003 & Supp. 2005)(listing race, color, religion, sex, and national origin as the statute's protected classes), and courts have repeatedly denied Title VII claims based on disability discrimination.  See also Tallerday v. City of Tuscon, 73 Fed. Appx. 938, 940 (9th Cir. 2003)(holding that a Title VII claim for disability discrimination was properly dismissed because plaintiff failed to allege that she was a member of a protected class); Coleman v. Albertson's, Inc., 2005 WL 1041190 at *2 (E.D.Pa. 2005)(holding that disability is not a protected class under Title VII); Crow v. McElroy Coal Co., 290 F.Supp.2d 693, 696 (N.D.W.Va. 2003); Butterfield v. New York, 1998 WL 401533 at *13 (S.D.N.Y. July 15, 1998); Williams v. Holiday Inn, 1996 WL 162992 at *2 (N.D.Cal. 1996).

Plaintiff next contends that even though her ADA claim has been dismissed, she should still be permitted to proceed with a disability discrimination claim based on the Equal Protection Clause of the United States Constitution.  U.S.C.A. CONST. AMEND. 14.  We disagree. We have already found that the ADA provides a comprehensive, exclusive remedy for disability discrimination, and therefore, a state government employee may not bring a constitutional claim premised on the same deprivation of rights protected by the ADA.

Vicenty Martell v. Estado Libre Asociado de Puerto Rico, 48 F.Supp.2d 81, 90-91 (D.P.R. 1999).

Plaintiff also avers that we erred in dismissing her case in its entirety because even after the ADA, Title VII and constitutional claims were dismissed, the facts pleaded in the complaint could justify the application of other federal statutes not expressly mentioned therein. Docket Document No. 30. Plaintiff offers Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. (1999 & Supp. 2005), and the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. (2000 & Supp. 2005), as just two examples of federal statutes that she did not mention in her complaint but that she thinks we unfairly failed to consider. Even if we, instead of Plaintiff's lawyer, are the ones who should have brainstormed about which federal law would have been a better fit for her case, we find no validity in Plaintiff's last-ditch Rehabilitation Act and IDEA claims.

In Ciampa v. Mass. Rehabiliation Comm'n, 718 F.2d 1 (1st Cir. 1983)), the First Circuit affirmed a district court's dismissal of a plaintiff's lawsuit against a state agency under the nondiscrimination provision of Section 504 of the Rehabilitation Act, holding that the Eleventh Amendment barred such a lawsuit seeking monetary damages. Because Plaintiff is seeking monetary damages in

Civil No. 05-1955 (JAF)                                                  -7-

the present case, we find <u>Ciampa</u> controlling on the issue of whether Plaintiff has an actionable Section 504 claim here. She does not.[1]

The proposed IDEA claim fares no better. Given that the purpose of the IDEA is "to ensure that all children with disabilities have available free appropriate public education that emphasizes special education and related services designed to meet their unique needs," 20 U.S.C. § 1400(d)(1)(A), we fail to see how this statute would apply to an adult plaintiff's allegations of disability discrimination in the workplace, and indeed, we have not been able to find any case law where it has been used to that effect.

Plaintiff finally requests that we reconsider our February 16, 2006, dismissal of her ADA claim. The brief that Plaintiff's counsel, Mr. Nolla-Acosta, "wrote" for his client in this regard, however, constitutes nothing more than seven pages of text copied nearly word-for-word[2] from the United States Supreme Court's opinion in <u>Tennessee v. Lane</u>, 541 U.S. 509 (2004), without even one citation

---

[1] Plaintiff suggests that Defendants have waived their sovereign immunity by accepting federal funds for the programs they administer. <u>Docket Document No. 30</u>. We fail to see how we can seriously consider this argument, however, given Plaintiff's failure to offer even the slightest wisp of detail as to the nature or scope of the federal funding she is talking about. Neither does Plaintiff bother to cite any case law where, on similar facts, a court has held a state agency to have voluntarily waived its immunity to lawsuit under Section 504.

[2] We say "nearly" only because Mr. Nolla-Acosta edited the Supreme Court's self-referential language to obscure his plagiarism; phrases like "[w]e have thus repeatedly affirmed," for example, became "the Supreme Court has thus repeatedly affirmed."

to that case.  This plagiarism, for which we can only guess Mr. Nolla-Acosta actually billed his client, is unacceptable.  United States v. Lavanture, 74 Fed. Appx. 221, 224 n.2 (3rd Cir. 2003)("[I]t is certainly misleading and quite possibly plagiarism to quote at length a judicial opinion (or, for any matter, any source) without clear attribution."); Pagan Velez v. Laboy Alvarado, 145 F.Supp. 2d 146, 160 (D.P.R. 2001)(counsel's extensive plagiarism of judicial opinion found to be sanctionable lawyer misconduct).  By plagiarizing, Mr. Nolla-Acosta has bucked his duty to develop pointed arguments before this court on his client's behalf.  Tennessee v. Lane may very well offer a great deal of information about state sovereign immunity in the context of the ADA, but pasting seven pages of it into a brief hardly tells us what about our February 11, 2006, Opinion and Order Mr. Nolla-Acosta wants us to reconsider, and his client suffers great injury for it.  Although we have inherent authority to impose monetary sanctions against Mr. Nolla-Acosta for his misconduct, Pagan Velez, 145 F. Supp. 2d at 160, we decline to exercise it.  We caution him, however, that this court will not be so forgiving should he commit a second offense.

And as for the requested reconsideration of our dismissal of Plaintiff's ADA claim, which we treat as a motion under Rule 59(e) of the Federal Rules of Civil Procedure, we have reviewed our February 16, 2006, Opinion and Order and affirm it for the same reasons outlined therein.

### III.

### Conclusion

For the foregoing reasons, we **deny** Plaintiff's motion for reconsideration and her case remains dismissed in its entirety, with prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of June, 2006.

                                          S/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          U. S. District Judge